ALICE LEVIC, as Administratrix, etc., of VLADMIR LEVIC, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Second Department, December 14, 1934.

*Henry C. Frey*, for the appellant.

*Irving A. Cook*, for the respondent.

PER CURIAM. There have been three trials, in the last of which, in Municipal Court of the City of New York, Fifth District, Borough of Queens, plaintiff recovered the amount due on the policy. The insured died, fifteen days after the date of the policy, of coronary thrombosis, with glomerulo nephritis as a contributory cause of death. Admittedly the nephritis was of long standing; and plaintiff's counsel on the trial conceded that the insured was not in sound health at the time the policy was issued. Likewise it was established without dispute that the insured had been under treatment of a physician for nephritis for more than two years prior to the date the policy was issued. The provisions of the policy made it void under such circumstances. There appears to have been no written application, but the insured had notice of the conditions contained in the policy after it was delivered. (*Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586; *Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 id. 333, 338.) If the conditions expressed in the application or in the policy are based on representations made by the insured which are false, there can be no recovery, whether the representations are innocent or fraudulent. (*Eastern D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Travelers Ins. Co.* v. *Pomerantz*, 246 id. 63; *Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 id. 289; *Minsker* v. *John Hancock Mut. Life Ins. Co.*, *supra.*)

There was also a provision in the policy that agents had no authority to waive its terms. The general rule is that such a provision is binding on the insured or those claiming under the policy, and parol evidence of waiver is inadmissible. (*Northern Assurance Co.* v. *Building Assn.*, 183 U. S. 308.) In this State, knowledge by agent may create an estoppel on the part of the insurer under conditions limited in their application. (*McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336; *Bible* v. *John Hancock M. L. Ins. Co.*, 256 id. 458; *Heffron* v. *Ætna Life Insurance Co.*, 233 App. Div. 534; *Salamida* v. *John Hancock M. L. Ins. Co.*, 148 Misc. 702; affd., 241 App. Div. 636.) Naturally the right to prove knowledge of the agent must be limited strictly to facts similar to those disclosed in the foregoing cases — else every policy of this kind could be defeated by oral testimony that the agent was acquainted with all the facts concerning the diseases of the insured and treatment by physicians.

In this case the proof fell far short of showing notice of the facts. The insured claimed to be well; and his alleged disclosure of ailments and treatment by a physician did not indicate that he was suffering from any serious disease, and those recited in the policy were not mentioned at all. So it was fair to assume that the ailments so disclosed were of a minor character and the attendance of the physician was on that account. The agent testified that the man appeared in the best of health and had been going to work every day. Only the first premium was paid. As a matter of law, no waiver was established, and no facts by which defendant became estopped.

The order of the Appellate Term, in so far as it orders a new trial, should be reversed on the law, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and DAVIS, JJ., concur.

Order of Appellate Term, in so far as it grants a new trial on reversal of judgment of the Municipal Court of the City of New York, Borough of Queens, reversed on the law, with costs, and complaint dismissed, with costs.