[redacted]

**UNION MUT. LIFE INS. CO. v. BLEETSTEIN.**

**No. 2799.**

District Court, E. D. New York.

Dec. 26, 1942.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Albert Hirst, of New York City, for plaintiff.

Rubinton & Coleman, of Brooklyn, N. Y. (Leonard Acker, of Brooklyn, N. Y., of counsel), for defendants.

CAMPBELL, District Judge.

This action comes before the Court on a motion made by the defendants for judgment upon the pleadings, upon the ground that the complaint fails to set forth facts sufficient to entitle plaintiff to any relief against the defendants, and for such other and further relief as the Court may deem just and proper.

This action is brought by the plaintiff to rescind two $10,000 policies of life insurance upon the ground that the application for the policies contained various misrepresentations.

The insured has departed this life and defendant is his administratrix and the beneficiary of the policies. The pleadings consist of a complaint, a bill of particulars, which by stipulation was served in lieu of an amended complaint, an answer which pleads a counterclaim to enforce the policies, and a reply.

This motion is based upon defendant's contention that plaintiff has failed to comply with the provisions of Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which reads as follows: "(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and

206

other condition of mind of a person may be averred generally."

Defendants have briefed this motion on the theory that the action is laid in fraud but they are in error.

The action is not laid in fraud, but is for rescission because of misrepresentation.

Nowhere is fraud mentioned in the complaint or bill of particulars by which it is supplemented.

This is an action of a kind peculiar to the field of insurance. Richards on Insurance Law, 3rd Edition, 117.

■ Fraudulent intent need not be alleged or shown in actions for rescission on the ground of misrepresentation.

Originally the statements made by an applicant for insurance were warranties.

Those warranties must be substantially true or the policy will be avoided. Even if innocently made under a belief that they were true that can have no bearing. Cushman v. United States Life Insurance Co., 63 N.Y. 404, 408, 409.

By Section 58 of the Insurance Law of the State of New York, Laws of 1909, Chapter 33, constituting Chapter 28 of the Consolidated Laws of the State of New York which was in effect up to January 1st, 1940, such statements became representations rather than warranties, and that did not change the law as to warranties, except that a misrepresentation contained in the application becomes a defense only if it is material. Eastern District Piece Dye Works, Inc., v. Travelers Insurance Company, 234 N.Y. 441, 449, 450, 138 N.E. 401, 26 A.L.R. 1505.

The revision of the Insurance Law of the State of New York which became effective January 1st, 1940, reinacts Section 58, in Sections 142, 149 and 150, with changes which are not pertinent to the action at bar.

■ The Court of Appeals of the State of New York reiterates its opinion that false representations if material constituted a defense, although made innocently, and without any feature of fraud. Sommer v. Guardian Life Insurance Company of America, 281 N.Y. 508, 512, 515, 24 N.E. 2d 308.

See also the decisions of the Appellate Division, Levic v. Metropolitan Life Insurance Co., 242 App.Div. 595, 275 N.Y.S. 908; Knight v. Kitchin, 237 App.Div. 506, 261 N.Y.S. 809, and of a lower Court, Malchak v. Metropolitan Life Insurance Co., 134 Misc. 640, 236 N.Y.S. 300.

■ The allegation of the complaint, in so much of paragraph "Eighth" as reads as follows: "Had plaintiff had knowledge of the facts misrepresented, it would have refused to make said contracts of insurance.", is amply sufficient as an allegation of materiality and is substantially in the language of Section 149, Subsection 2 of the Insurance Law of the State of New York.

The defendants err in their contention that the allegations of the bill of particulars as to alleged misrepresentations are conclusions rather than statements of fact.

On the contrary the allegations are clearly of facts.

Not only are the representations false, but in most instances they are of matters which clearly must have been in the knowledge of the deceased untrue, although proof of such knowledge is not required.

■ The complaint properly alleges a good cause of action, and tenders an issue which it is entitled to have determined on a trial.

Motion denied.