Daniel J. DEVANEY, as trustee under Chapter 11 of the Bankruptcy Code for CB & R (Holdings) Ltd., et al., Plaintiffs-Appellants,

v.

A.P. CHESTER, et al., Defendants-Appellees.

No. 497, Docket 86–7744.

United States Court of Appeals, Second Circuit.

Argued Feb. 2, 1987.

Decided March 9, 1987.

Gabriel B. Schwartz, New York City (Hahn & Hessen, Steven J. Mandelsberg and Joseph A. Vogel, New York City, of counsel), for plaintiffs-appellants.

Peter D. McKenna, New York City (Wachtell, Lipton, Rosen & Katz; Richard H. Weiss and Karen B. Shaer, New York City, of counsel), for defendant-appellee Salomon Bros.

Before PIERCE and ALTIMARI, Circuit Judges, and STEWART, District Judge.*

ALTIMARI, Circuit Judge:

Daniel J. Devaney, as the trustee in bankruptcy for CB & R (Holdings), Ltd.

---

* Honorable Charles E. Stewart, Jr., Senior Judge of the United States District Court for the South-
ern District of New York, sitting by designation.

and its subsidiaries, appeals from an order of the United States District Court for the Southern District of New York (John F. Keenan, Judge), dismissing appellants' claims against appellee Salomon Brothers Inc and denying leave to amend, pursuant to Fed.R.Civ.P. 9(b). We affirm the district court's dismissal of the claims for failing to plead fraud with sufficient particularity, but we reverse the court's denial of leave to amend, and remand with instructions to grant appellants leave to replead their fraud claims against Salomon Brothers.

## BACKGROUND

Between June and November of 1982, CB & R (Holdings), Ltd. ("CB & R") negotiated with the majority shareholders of American Marine Industries, Inc. ("AMI") to purchase the shares of AMI. CB & R was controlled by Erik K. Klaussmann, III and David Lindsay. The First Boston Corporation acted as CB & R's advisor and investment banker in this transaction.

In August 1982, AMI retained Salomon Brothers Inc as its exclusive agent to assist in the sale of the company. In late September 1982 Salomon Brothers sent a prospectus on AMI to Klaussmann, Lindsay and First Boston. This prospectus was accompanied by a cover sheet dated "September, 1982," which states in pertinent part:

### AMERICAN MARINE INDUSTRIES, INC. CONFIDENTIAL MEMORANDUM

Salomon Brothers Inc has been appointed exclusive agent by American Marine Industries, Inc. ("AMI") to assist in the sale of the Company.

This Confidential Memorandum has been prepared by Salomon Brothers Inc from information furnished to it by the management of AMI....

This Confidential Memorandum has been prepared for the purpose of providing prospective buyers with general business, financial and other information concerning AMI. While the information contained herein is believed to be accurate, Salomon Brothers Inc and AMI ex-

pressly disclaim any and all liability for representations, expressed or implied, contained in, or for omissions from, this Confidential Memorandum or any other written or oral communication transmitted to any interested party in the course of the evaluation of AMI.

The prospectus itself contained, *inter alia*, the following statements:

Over the past two years, after a lengthy period of generally consistent profits, AMI has come to face a situation of declining profits and cash shortages. The Company [AMI] believes this situation is wholly transitory, and has resulted from a depressed world economy, difficulty in controlling costs, and also disagreements among senior management.
....
AMI believes that its American Atlantic subsidiary [AAS] has a unique franchise to capitalize on an impending pooling agreement covering all trade between the U.S. and the North Coast of Brazil, including the Amazon region.

The sale of AMI's shares was closed on November 24, 1982, at which time CB & R purchased 99.5% of AMI's outstanding common stock for over nine and one-half million dollars. Although CB & R believed it had purchased a viable operation, AMI remained unable to pay its debts. In June 1983, both AMI and CB & R filed for Chapter 11 bankruptcy.

In November 1983, appellant Daniel J. Devaney, as the Chapter 11 Trustee for CB & R and its subsidiaries, brought suit against the former majority shareholders of AMI and other defendants. The complaint alleged, in essence, that AMI had defrauded CB & R by leading Klaussmann and Lindsay to believe that AMI had the potential for continuing financial success when in fact, AMI management knew that the company was on the verge of bankruptcy and would not survive.

On June 11, 1984, appellants filed a "second amended and supplemental complaint" which added Salomon Brothers as a defendant in the action. The amended complaint set forth the two previously quoted state-

ments from the AMI prospectus which Salomon Brothers had sent to CB & R in September 1982. The complaint then went on to allege:

> Salomon's late September 1982 Confidential Memorandum on AMI was false and misleading in that: at the time when it was prepared and distributed, the management of AMI, *to the knowledge of Salomon,* had concluded that the fiscal problems of AMI were fundamental and more than transitory and that the survival of AMI was, therefore, extremely doubtful.

Complaint ¶ 40(B)(i) (emphasis added).

The complaint then quoted portions of several internal AMI memoranda to support the contention that *AMI management* knew the company was in "deep trouble." The latest and grimmest of these memoranda was dated September 28, 1982. The complaint did not, however, allege any additional facts pertaining to Salomon Brothers.

The first through fifth claims for relief charged that Salomon Brothers' allegedly fraudulent conduct was in violation of section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2); section 17 of the 1933 Act, 15 U.S.C. § 77q; section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.-10b–5, promulgated thereunder; section 352–c of the New York General Business Law; and the New York common law of deceit.

In two separate memorandum opinions dated April 29, 1986 and July 23, 1986, Judge Keenan granted Salomon Brothers' motion to dismiss all claims against it, holding that the complaint failed to plead fraud with sufficient particularity, as required by Fed.R.Civ.P. 9(b). The court denied appellants leave to amend and replead.

## DISCUSSION

### I. *Compliance with Rule 9(b)*

■ Fed.R.Civ.P. 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." We agree with the district court's finding that appellants failed to plead their fraud claims against Salomon Brothers with sufficient particularity. Although Rule 9(b) permits knowledge to be averred generally, plaintiffs must still plead the events which they claim give rise to an inference of knowledge. *See, e.g., Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985); *Ross v. A.H. Robins Co.,* 607 F.2d 545, 558 (2d Cir. 1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). This court has recently observed:

> The absence of a requirement that scienter be alleged with "great specificity" is based on the premise that a plaintiff realistically cannot be expected to plead a defendant's actual state of mind.... This does not mean, however, that plaintiffs are relieved of their burden of pleading circumstances that provide at least a minimal factual basis for their conclusory allegations of scienter.

*Connecticut National Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir.1987) (citations omitted).

■ Appellants' complaint contains nothing more than the sort of conclusory allegations of knowledge which were found to be insufficient in *Connecticut National Bank, id.* After stating that Salomon Brothers was retained by AMI to assist in the sale of the company, and that Salomon distributed to CB & R a prospectus on AMI which contained allegedly false and misleading information, the complaint simply alleges that Salomon Brothers knew that AMI management did not subscribe to the optimistic outlook reflected in the prospectus. The complaint does not allege any facts to suggest who at Salomon Brothers possessed such knowledge, when and how they obtained the knowledge, or even why anyone at Salomon Brothers should have known that the views expressed in the prospectus did not represent the true beliefs of AMI management.

Thus, the district court was correct in finding that "[t]he conclusory statements that Salomon knew that AMI did not sub-

scribe to the beliefs reported in the Confidential Memorandum do not allow for any inference, let alone a strong one, regarding Salomon's knowledge."

██ Appellants argue that a more relaxed standard of pleading should apply to their fraud claims, citing several bankruptcy cases which have required less particularity in pleading when claims were asserted by a trustee. *See, e.g., In Re O.P.M. Leasing Services, Inc.*, 32 B.R. 199 (Bkrtcy.1983). The rationale for relaxing the particularity requirement in such cases is that the trustee is a "third party, who is pleading fraud on secondhand information," *id.* at 202. However, even the so-called relaxed standard does not *eliminate* the particularity requirement, although we recognize that the degree of particularity required should be determined in light of such circumstances as whether the plaintiff has had an opportunity to take discovery of those who may possess knowledge of the pertinent facts. A complaint like plaintiff's, which fails to adduce any specific facts supporting an inference of knowledgeable participation in the alleged fraud, will not satisfy even a relaxed standard. *See Glusband v. Fittin Cunningham Lauzon, Inc.*, 582 F.Supp. 145, 151 & n. 13 (S.D.N.Y.1984).

The district court also found that appellants failed adequately to plead CB & R's reliance on the allegedly misleading prospectus. The court based this conclusion on its observation that no investor with CB & R's level of sophistication could reasonably have relied on the prospectus, in light of Salomon Brothers' "broad disclaimers as to the source of information contained therein." The court should not, however, have considered the reasonableness of appellants' reliance; that issue went to the merits of appellants' claims and thus was not properly before the court on Salomon's 9(b) motion. Nevertheless, the court was fully justified in dismissing the claims at issue, based on the inadequacy of appellants' pleadings relating to scienter.

## II. *Leave to replead*

██ Although we agree with the district court that appellants' claims against Salomon Brothers failed to comply with Rule 9(b), we conclude that the court abused its discretion by not granting appellants leave to replead. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (outright refusal to grant leave to amend without any justifying reason for the denial is abuse of discretion); *see also Luce v. Edelstein*, 802 F.2d 49, 56–57 (2d Cir.1986); *Kaster v. Modification Systems, Inc.*, 731 F.2d 1014, 1018 (2d Cir.1984).

Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." In *Luce*, 802 F.2d at 56, this court observed that in cases where the denial of leave to replead after a 9(b) dismissal has been affirmed, there was a legitimate justification for the denial. Typically, the plaintiff had already been granted a prior opportunity to replead fraud with greater specificity. *See, e.g., Armstrong v. McAlpin*, 699 F.2d 79, 93–94 (2d Cir.1983); *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir.1982). In one such case, the deficient pleadings were made after full discovery in a related case. *Billard v. Rockwell International Corp.*, 683 F.2d 51, 57 (2d Cir.1982).

Neither of those situations applies to appellants in this case. The "second amended and supplemental complaint" was the first pleading to assert claims against Salomon Brothers; and appellants have had no discovery of Salomon Brothers as yet.

The district court's order is hereby affirmed in part and reversed in part, and remanded with instructions to grant appellants leave to amend their complaint by repleading their claims against Salomon Brothers with greater particularity.