Robin KERSHAW, individually and on behalf of Certain Underwriters at Lloyd's of London Subscribing to an Alleged Contract of Insurance Covering the Vessel "Alva I," The Orion Insurance Co., PLC, Ocean Marine Insurance Co. Ltd., The Yorkshire Insurance Co. Ltd., Prudential Assurance Co. Ltd., Atlas Assurance, Phoenix Assurance, PLC, La Reunion Francaise Societe Anonyme D'Assurances Et Des Reassurances, Northern Assurance Co., Ltd., Norwich Union Fire Ins. Society Ltd., Wurttembergische Feuerversicherung A–G, Sphere Drake Insurance, PLC, Zurich Re (U.K.) Ltd., The Threadneedle Insurance Co. Ltd., Terra Nova Insurance Co. Ltd. and Aegon Ins. Co. (U.K.) Ltd., Plaintiffs,

v.

NAUTICA S.A. LTD., Defendant.

No. 93 Civ. 7660 (RLC).

United States District Court,
S.D. New York.

May 9, 1995.

Thacher Proffitt & Wood, New York City (John M. Woods, Joseph G. Grasso, of counsel), for plaintiffs.

Nourse & Bowles, New York City (Lawrence J. Bowles, of counsel), for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

*Preliminary Statement*

Plaintiff Robin Kershaw, individually and on behalf of certain underwriters at Lloyd's of London, filed a complaint against defendant Nautica S.A. Ltd. ("Nautica"), owner of the yacht ALVA I, pursuant to 28 U.S.C. § 2201, for a declaratory judgment voiding a hull and machinery insurance contract (the "contract" or "policy"), claiming that (1) defendant misrepresented and failed to disclose material facts pertaining to the insurance policy at the time of its making, and (2) defendant intentionally submitted false information at the time it made a claim under the policy.

Nautica argues that the complaint should be dismissed, pursuant to Rule 12(b)(6), F.R.Civ.P., for failure to plead fraud with particularity as required by Rule 9(b), F.R.Civ.P., and for failure to state a cause of

action for fraud. Nautica asserts that the complaint is replete with conclusory allegations made primarily "upon information and belief," resulting in an insufficient pleading.

The complaint states that in or about August, 1991, and April, 1992, Nautica, via its insurance brokers and agents B. & P. International, Ltd. ("B. & P.") in New York and Crawley Warren & Co. Ltd. ("Crawley Warren") in London, in an attempt to obtain insurance for the motor yacht ALVA I, allegedly submitted "certain information to plaintiffs representing that the yacht was built in July, 1988 at the Manoleskos Shipyard located in Pireaus, Greece, and that the vessel had a value of one million dollars ($1,000,000)," (Compl. ¶¶ 7, 9), which allegedly resulted in plaintiffs' agreeing to provide one million dollars of hull and machinery insurance on ALVA I for a twelve-month period starting June 14, 1992. On or about April 8, 1993, the ALVA I was allegedly discovered missing from its berth at the Kalamaki Yacht Club in Greece, hence, Nautica made a claim for the full insured value under the insurance contract, allegedly providing certain information to plaintiffs, including specifications of the ALVA I supposedly prepared by a naval architect on or about April 23, 1986.

Plaintiffs contend that Nautica knowingly misrepresented the age and value of ALVA I in its representations and submissions. Plaintiffs allege that the vessel was a conversion of the yacht "MARY," which was built in South Africa in 1967, and registered in Greece under the ownership of Al Aydi Maritime Company Limited ("Al Aydi"), and was worth no more than $200,000. Plaintiffs assert that had they been provided with alleged accurate information regarding the age and value of ALVA I, they would not have agreed to provide coverage, or would have done so on substantially different terms. Consequently, plaintiffs argue that the insurance policy should be void, that plaintiffs should not be liable and that plaintiffs should receive costs, reasonable attorneys' fees and other and further relief as is just.

*Discussion*

I.

Plaintiffs argue that the complaint is based predominantly on insurance law and that, therefore, the complaint should be held to minimal pleading requirements, pursuant to Rule 8(a), F.R.Civ.P.[1] *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1243 at 296 (1990) ("In general, the same pleading criteria established by the federal rules for other civil actions apply to insurance cases"). While plaintiffs request that an insurance policy be declared void as a result of material misrepresentations made in the formation of the policy and in the submission of a claim pursuant to the policy, the complaint's language illustrates that the primary basis of the complaint is common law fraud and not insurance law. For example, under plaintiffs' first cause of action, the complaint accuses Nautica and/or its agents of making "representations" regarding the age and value of ALVA I that were "materially false and misleading" and "were known by defendant to be false and misleading." (Compl. ¶ 13.) Defendant is also accused of "willful[ly] conceal[ing] and fail[ing] to disclose material facts." (Compl. ¶ 17.) Under plaintiffs' second cause of action, the complaint accuses Nautica and/or its agents of providing information that "is false, [that] defendant knew such information to be false ... [and that] defendant intended that plaintiffs rely on the false information." (Compl. ¶¶ 18, 19.)

Plaintiffs stress that neither of their stated causes of action in the complaint "use[s] or contain[s] the word 'fraud.'" (Mem. of Law in Opp'n to Mot. to Dismiss at 4 n. 2.) However, the complaint need not use the word "fraud" in order to state a cause of action based on fraud. *See Union Mut. Life Ins. Co. v. Simon*, 22 F.R.D. 186, 186 (E.D.Pa.1958) ("although the word 'fraud' does not appear in the complaint, it is alleged that the insured made certain representations in the application and that he knew the representations to be false," therefore the complaint "sufficiently states a case of fraud"); Wright & Miller, *supra*, § 1243 at

---

1. Rule 8(a), F.R.Civ.P., states that "a pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."

299 ("a complaint seeking cancellation of [an insurance] ... policy on the ground of fraud will not be insufficient because of a failure to use the word 'fraud' ").

*Union Mutual Life Insurance Co. v. Bleetsein,* 3 F.R.D. 205, 206 (E.D.N.Y.1942) (Campbell, J.), upon which plaintiffs rely, can be distinguished from the present case. In *Union Mutual Life Insurance Co.,* plaintiff's action was brought to rescind two life insurance policies solely because of misrepresentation. *Id.* at 206. While the court noted that "[n]owhere is fraud mentioned in the complaint," it did not base its decision only on these grounds, but instead examined the content of the complaint, concluding that it was not laid in fraud. *Id.* Here, plaintiffs not only bring a cause of action based on misrepresentation during the formation of the insurance contract but also bring a cause of action based on the intentional submission of false information when making a claim pursuant to that contract.

## II.

■ Defendant contends that the complaint should be dismissed because plaintiffs failed to state a cause of action for fraud. The general rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988); *Hudson's Bay Fur Sales Canada, Inc. v. Scheflin–Reich, Inc.,* No. 90 Civ. 8026, 1991 WL 60377, at *2 (S.D.N.Y. Apr. 8, 1991) (Carter, J.) ("a claim will be dismissed only if its allegations would not entitle the claimant to relief on any possible theory"), and "the court must consider the legal sufficiency of the complaint, not the weight of evidence which might be offered at trial." *Granat v. Center Art Galleries—Hawaii, Inc.,* No. 91 Civ. 7252, 1993 WL 403977, at *2 (S.D.N.Y. Oct. 6, 1993) (Carter, J.). The court must assume the truth of a plaintiff's allegations in the complaint and draw inferences in favor of the pleader. *Id.; Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *CPC Int'l Inc. v.*

*McKesson Corp.,* 70 N.Y.2d 268, 284, 519 N.Y.S.2d 804, 514 N.E.2d 116 (1987).

Nautica maintains that the complaint does not allege the necessary elements to establish a common law fraud claim. To state a claim for common law fraud in New York, plaintiffs must allege "misrepresentation of a material fact, falsity of that representation, scienter, reliance and damages." *Mallis v. Bankers Trust Co.,* 615 F.2d 68, 80 (2d Cir. 1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981) (emphasis omitted); *accord Flickinger v. Harold C. Brown & Co., Inc.,* 947 F.2d 595, 599 (2d Cir.1991); *Moll v. U.S. Life Title Ins. Co. of New York,* 654 F.Supp. 1012, 1027 (S.D.N.Y.1987) (Leisure, J.), *vacated on other grounds,* 700 F.Supp. 1284 (S.D.N.Y.1988) (Leisure, J.); *Kamerman v. Steinberg,* 113 F.R.D. 511, 513 (S.D.N.Y.1986) (Motley, J.).

The complaint alleges that Nautica and/or its agents and brokers misrepresented the age and value of the ALVA I, (Compl. ¶¶ 7, 9, 13, 14, 15), and other specifications. (Compl. ¶ 18.) In particular, the plaintiffs allege that Nautica "represent[ed] that the yacht was built in July, 1988[,] at the Manoleskos Shipyard located in Pireaus, Greece, and that the vessel had a value of one million dollars ($1,000,000)," (Compl. ¶ 7), when "in truth and in fact, the 'ALVA I' was not built in 1988, but was a conversion of the yacht 'MARY,' built in 1967 in South Africa and registered in Greece under the ownership of Al Aydi Maritime Company Limited," (Compl. ¶ 14), and "in truth and in fact," "the true value of the 'ALVA I' was not one million dollars ($1,000,000) ..., but rather ... did not exceed $200,000." (Compl. ¶ 15.) The complaint alleges that Nautica's representations during the formation of the policy were "materially false and misleading." (Compl. ¶ 13.) Plaintiffs also allege that Nautica provided "specifications of the 'ALVA I' allegedly prepared by a naval architect on or about April 23, 1986" which were "false." (Compl. ¶¶ 12, 18.) *See Granat,* 1993 WL 403977, at *3 ("false statements constitute misrepresentations and may be actionable in fraud" under certain circumstances). These misrepresentations may be construed as material and may give rise to a

claim of fraud if they were rendered falsely. *See Granat*, 1993 WL 403977, at *2. Indeed, plaintiffs allege that had they known that ALVA I was much older and worth substantially less than defendant claimed they may have provided a different type and amount of insurance. *See id.; see, e.g., CPC Int'l, Inc.*, 70 N.Y.2d at 285–86, 519 N.Y.S.2d 804, 514 N.E.2d 116 (financial projections materially misrepresenting business' financial condition sufficiently stated a cause of action for common-law fraud).

The complaint alleges that the misrepresentations were "known by defendant to be false and misleading when made," (Compl. ¶¶ 13, 18), and that defendant's "concealment and failure to disclose material facts" was "willful." (Compl. ¶ 17.) *See Granat*, 1993 Wl 403977, at *3 ("[k]nowledge of falsity or reckless pretense may establish scienter required for a fraud claim"). The complaint asserts that "in reliance on the submissions by the defendant and/or its agents, plaintiffs agreed to provide insurance on the hull and machinery of the yacht 'ALVA I' for a period of twelve months beginning June 14, 1992 in the amount of one million dollars ($1,000,-000)," and that the "insured value ... was agreed to by plaintiffs based on the material representations." (Compl. ¶ 10.) The complaint states that "defendant intended that plaintiffs rely on the false information," (Compl. ¶ 19), and that plaintiffs did in fact rely on that information to their detriment. (Compl. ¶ 20.) In fact, the complaint alleges that "[p]laintiffs would not have agreed to provide the coverage for the 'ALVA I' had they been provided with accurate information concerning the vessel's age and value, or plaintiffs would have insured the vessel on substantially different terms." (Compl. ¶ 16.) Plaintiffs have alleged all the elements of fraud, and if these allegations are proven, then there has been fraud on the part of Nautica against plaintiffs.

Defendant argues that plaintiffs' allegations are not sufficiently supported by facts. However, in order to state a valid cause of action for common-law fraud, the Court of Appeals of New York has held that it suffices for the plaintiff to allege that "defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged." *CPC Int'l Inc.*, 70 N.Y.2d at 285, 519 N.Y.S.2d 804, 514 N.E.2d 116; *see also Channel Master Corp. v. Aluminium Ltd. Sales, Inc.*, 4 N.Y.2d 403, 406–407, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958) (complaint contained all the necessary elements of a good cause of action for fraud for rescission of contract where complaint described misrepresentations and recited other elements of fraud). Here, the complaint adequately sets forth a claim upon which relief could be granted, and consequently defendant's motion to dismiss the claim is denied.[2]

### III.

■ Nautica also contends that the plaintiffs' complaint does not plead fraud with sufficient detail. *See Hunter v. H.D. Lee Co., Inc.*, 563 F.Supp. 1006, 1012 (N.D.N.Y. 1983) ("[a] pleading that simply avers the technical elements of fraud does not have sufficient informational content to satisfy" the requirements of Rule 9(b), F.R.Civ.P.); Wright & Miller, *supra*, § 1297 at 612. Rule 9(b), F.R.Civ.P., provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." This is an exception to the generally liberal scope of pleadings allowed by Rule 8, F.R.Civ.P. *See Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Conclusory allegations regarding fraudulent conduct do not suffice—specific fraudulent acts or statements must be alleged. *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir.1982), *Rodman v. Grant Foundation*, 608 F.2d 64, 73 (2d Cir.1979), *Segal v. Gordon*, 467 F.2d 602, 606 (2d Cir.1972) (fraud allegations "wholly conclusory in nature" were a "fatal deficiency"); *see Ross*, 607 F.2d at 557.

---

2. Because the court finds the cause of action is for fraud, it is not necessary to address plaintiffs' contention that the complaint meets the requirements of a cause of action for rescission based upon misrepresentation.

Rule 9(b) is satisfied when the complaint includes:

(1) precisely what statements were made in what documents or oral representations or what omissions were made,

(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making the same),

(3) the content of such statements and the manner in which they misled the [victim], and

(4) what the defendants "obtained" as a consequence of the fraud.

*Stevens v. Equidyne Extractive Indus. 1980,* 694 F.Supp. 1057, 1061 (S.D.N.Y.1988) (Sweet, J.) (quoting *Beck v. Manufacturers Hanover Trust Co.,* 645 F.Supp. 675, 682 (S.D.N.Y.1986), *aff'd,* 820 F.2d 46 (2d Cir. 1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988)); *accord Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir.1986). In addition, the plaintiff must plead those events and facts that provide a strong inference that defendants intended to defraud. *Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir.1987); *accord Devaney v. Chester,* 813 F.2d 566, 568 (2d Cir.1987).

▮ Nautica argues that plaintiffs' complaint is full of conclusory allegations made predominately upon "information and belief," in violation of the pleading requirements. Plaintiffs, on the other hand, contend that they are entitled to plead their allegations of misrepresentation upon "information and belief" without identifying their sources, as long as such allegations contain a "modicum of factual detail." (Mem. of Law in Opp'n to Mot. to Dismiss at 5). In general, Rule 9(b) pleadings can not be based on "information and belief." *Segal,* 467 F.2d at 608 (2d Cir. 1972). While the rule is relaxed regarding matters that are distinctively within a party's knowledge, each allegation made on information and belief must include "a statement of facts upon which the belief is founded," *id., Luce,* 802 F.2d at 54 n. 1; *Schlick v. Penn–Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975), including the "source of the information and the reasons upon which the belief is founded." *Moll,* 654 F.Supp. at 1034–35 (quoting *Goldberg v. Meridor,* 81 F.R.D. 105, 111 (S.D.N.Y.1979) (Lasker, J.)); *see Equitable Life Assurance Soc'y of the U.S. v. Alexander Grant & Co.,* 627 F.Supp. 1023, 1029 (S.D.N.Y.1985) (Walker, J.); *Crystal v. Foy,* 562 F.Supp. 422, 426 (S.D.N.Y.1983) (Weinfeld, J.).

In *Moll v. U.S. Life Title Ins. Co. of New York,* this court concluded that where a "preponderance of [the] plaintiffs' allegations in their complaints [was] made upon information and belief" and the sources were not specified, the fraud pleading was defective. *Id.* at 1035; *see also Carlucci v. Owens–Corning Fiberglas Corp.,* 646 F.Supp. 1486, 1490 (E.D.N.Y.1986) (where complaint's allegations are "pled almost entirely upon 'information and belief' and are nothing but conclusory," that is, "[p]laintiff ... completely failed to identify any particular persons making false representations or provide any specifics as to the time or place at which the supposed misrepresentations were made," complaint did not meet Rule 9(b) requirement). Here, almost the entire section of the complaint regarding its causes of action are based upon plaintiffs' allegations made upon "information and belief," (*see* Compl. ¶¶ 13, 14, 15, 18, 19), and plaintiffs do not specify the specific sources of their information and belief, as required by Rule 9(b).

In *Moll,* even though the plaintiffs generally identified materials such as congressional reports, governmental agency pamphlets, and testimony from state court proceedings, the court directed the plaintiffs to "set forth more explicitly the sources of their allegations which [were] made on information and belief" because plaintiffs did not cite which allegations of fraud were based on which sources. *Id.* at 1035. Here, plaintiffs contend that "defendant[ ] (and/or defendant's agents[ ] )" made representations and submissions that were false and misleading, without identifying the actual persons responsible for making which statements. (*See* Compl. ¶¶ 13, 15, 17, 18, 19, 20.) The complaint identifies the "defendant" Nautica and "its insurance brokers and agents B. & P. International, Ltd. ... in New York and ... Crawley Warren & Co. Ltd. ... in London" but it does not provide the names of any

particular brokers or agents. (Compl. ¶ 7.) *See Hayden v. Feldman,* 753 F.Supp. 116, 119 (S.D.N.Y.1990) (Sprizzo, J.) ("complaint [was] unnecessarily insufficient" where plaintiffs "failed to identify, as they must, who at either [defendant accounting firm] or [defendant law firm] prepared the [private placement memoranda] or in fact which [memoranda] they prepared"); *Brickman v. Tyco Toys, Inc.,* 722 F.Supp. 1054, 1061 (S.D.N.Y. 1989) (Carter, J.) (plaintiff failed to allege fraud with sufficient particularity where complaint frequently attributed fraudulent omissions generally to "the defendants" but plaintiff's specific allegations referred only to documents disseminated by a particular defendant); *Luce v. Edelstein,* 109 F.R.D. 558, 561 (S.D.N.Y.1986) (Carter, J.) ("[u]nnamed statements by anonymous defendants do not satisfy [particularity] obligation," and where the "statements [were] unspecified and the defendants unnamed" court dismissed complaint for Rule 9(b) deficiencies), *modified on other grounds,* 802 F.2d 49, 54 (2d Cir.1986).

While the complaint sufficiently describes the content of the alleged misrepresentations, it does not clearly identify the submissions themselves. The complaint alleges that the defendant submitted "certain information" which "represent[ed]" that the yacht was built in July, 1988 at the Manoleskos Shipyard located in Pireaus, Greece, and that the vessel had a value of one million dollars ($1,000,000)," (Compl. ¶ 7), and that in support of a claim made under the policy, defendant provided "certain information" which included specifications of the 'ALVA I' allegedly prepared by a naval architect on or about April 3, 1986." (Compl. ¶¶ 12, 18.) "Certain information" and "specifications" do not adequately identify the sources of defendant's submissions. Plaintiffs also allege "upon information and belief" that "the 'ALVA I' was not built in 1988, but was a conversion of the yacht 'MARY,' built in 1967 in South Africa and registered in Greece under the ownership of Al Aydi Maritime Company Limited" and that Michael Varklantis, "the beneficial owner and legal representative of defendants ... is also an owner and legal representative of Al Aydi," (Compl. ¶ 14), but plaintiffs do not provide the source of this information either. *See Hayden,* 753

F.Supp. at 118 (several financial statements, portions of three private placement memoranda and tax opinions attached to complaint satisfied time, place, speaker and content requirement); *Crystal,* 562 F.Supp. at 425–26 (where plaintiff used defendant's annual and other reports, as well as press releases, as sources of information for misrepresentation, but cited a "potpourri" of newspaper and magazine articles to which the complaint did not make specific reference, the court concluded that "simply listing a mass of documents does not satisfy Rule 9(b)" and that plaintiff failed to indicate how the sources provide factual support for her allegations). Furthermore, the source of this information, admittedly submitted to the plaintiffs, is certainly not solely within the defendant's knowledge, making it necessary for plaintiffs to identify specific persons, particular documents, and the time and place of such alleged misrepresentations.

Plaintiffs contend that their allegations give rise to a strong inference of fraud. While knowledge may "be averred generally, plaintiffs must still plead the events which they claim give rise to an inference of knowledge." *Devaney,* 813 F.2d at 568; *accord Connecticut Nat'l Bank,* 808 F.2d at 962 ("[t]he absence of a requirement that scienter be alleged with 'great specificity' ... does not mean ... that plaintiffs are relieved of their burden of pleading circumstances that provide at least a minimal factual basis for their conclusory allegations of scienter"); *Ross,* 607 F.2d at 558 ("[i]t is reasonable to require that the plaintiffs specifically plead those events ... which give rise to a strong inference" that defendant knew of falsity); *Inn Chu Trading Co., Ltd. v. Sara Lee Corp.,* 810 F.Supp. 501, 507 (S.D.N.Y.1992) (Carter, J.) (there must be a factual basis for information and belief allegations and "[m]ere suspicions that a fraud may have occurred are not sufficient"). In *Devaney v. Chester,* the Second Circuit concluded that the district court was correct in finding that plaintiff's conclusory statements in his complaint did not allow for a strong inference regarding defendant's knowledge of the alleged misrepresentations where the "complaint did not allege any facts to suggest who at [appellee institu-

tion] possessed such knowledge, when and how they obtained the knowledge, or even why anyone at [appellee institution] should have known of the alleged misrepresentations." *Devaney*, 813 F.2d at 568–69.

Here, plaintiffs have not sufficiently pled facts which would support an inference that Nautica had an intent to defraud or had knowledge of the alleged misrepresentations regarding the age and value of ALVA I. The complaint asserts that the alleged false representations regarding the age and value of ALVA I were "known by defendant to be false and misleading," (Compl. ¶ 13), and that the "concealment and failure to disclose [such] material facts" was "willful." (Compl. ¶ 17.) The complaint also purports that the information and specifications that Nautica submitted pursuant to a claim under the policy were false and that "defendant knew such information to be false," (Compl. ¶ 18), and had "intended that plaintiffs rely on the false information." (Compl. ¶ 19.) There is nothing, however, in the complaint which provides any basis for these conclusory allegations regarding defendant's scienter, and the complaint fails to identify who knew of the alleged misrepresentations. *See Hudson's Bay Fur Sales Canada, Inc.*, 1991 WL 60377, at *2 (where "[t]he pleadings contain[ed] no specific allegations of fact from which intent not to pay . . . processing costs . . . [could] be inferred," were made on "information and belief," and were "purely conclusory," defendants did not adequately plead fraud). Although the age and value of the ALVA I may have been misstated in the application for the policy and in a claim pursuant to the policy, it does not follow that Nautica knowingly and intentionally submitted the alleged inaccuracies. For the aforementioned reasons, plaintiffs have not met the particularity requirements of pleading fraud pursuant to Rule 9(b), F.R.Civ.P.

## IV.

Nautica contends that "[p]laintiffs have filed a deficiently pleaded complaint to coerce [d]efendant into an unfavorable settlement," and have not negotiated in good faith with defendant, in violation of the Deceptive Trade Practices Act, (the "Act"), N.Y.Gen.

Bus.Law §§ 349(a–h) (McKinney 1993). (Mem. of Law in Support of Def.'s Mot. to Dismiss the Compl. at 15.) *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 52–53 (2d Cir.1992), upon which defendant relies, is completely inapposite. In this case, the Second Circuit held that where evidence showed that the insurer continually failed to acknowledge insured's correspondence, demanded a proof of loss statement without justification, required that the contents and buildings loss claims be settled together, and refused to estimate or pay the replacement cost value of insured's personal effects required by the policy, the insurer participated in deceptive settlement practices, in violation of the Act. Here, there is no evidence that plaintiffs filed their complaint in an attempt to coerce defendant into an unfavorable settlement or to engage in any other deceptive trade practice. Defendant's contention is frivolous and the court rejects it out of hand.

## Conclusion

This Circuit liberally grants leave to replead, *Luce*, 802 F.2d at 56–57; *Devaney v. Chester*, 709 F.Supp. 1255, 1265 (S.D.N.Y. 1989) (Keenan, J.) ("[f]ailure to comply with Rule 9(b) ordinarily results not in outright dismissal, but in an order directing the errant pleader to replead his fraud allegations in conformity with the Rule"), thus, the court denies defendant's motion to dismiss and orders plaintiffs to replead their averment of fraud in conformity with the particularity requirements of Rule 9(b), F.R.Civ.P., and to do so by June 2, 1995.

IT IS SO ORDERED.