**George SHELLEY, Plaintiff,**

v.

**THE MACCABEES, Defendant.**

United States District Court
S. D. New York.
July 14, 1960.

Manning, Hollinger & Shea, New York City, for plaintiff. William Schurtman, New York City, of counsel.

Watters & Donovan, New York City, for defendant. Julian Carr, New York City, of counsel.

WEINFELD, District Judge.

Plaintiff commenced this action to compel the defendant insurance company to convert a life insurance certificate from one plan to another. The certificate issued to the plaintiff, as the insured, gave him the right to change to another plan than that provided for in the existing certificate upon condition, however, that the new certificate (1) would be for the same amount of insurance then in effect; (2) would have a higher annual premium; and (3) would not increase the insurance risk of the defendant. Plaintiff applied for a change of plan in March 1959. The defendant rejected his application, but did not specify its reasons. Thereafter, on September 4, 1959, plaintiff served his complaint to compel the defendant to effect the change as proposed by him. The defendant served its answer on October 23, 1959, and interposed a single affirmative defense that, contrary to the provisions of the certificate, the change proposed by the plaintiff would increase the defendant's "insurance risk." The defendant now moves, some eight months after the service of the original answer, for leave to file an amended answer to incorporate two additional affirmative defenses. These would raise issues as to plaintiff's compliance with the other conditions stipulated in the conversion clause of the certificate relating to the "amount of insurance," and "annual premium."

While Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., provides that leave to amend pleadings shall be freely given where justice so requires, it is subject to the limitation that it shall not be granted to the prejudice of the opposing party.[1] Here, the plaintiff claims such prejudice. He contends that he was misled by the single affirmative defense contained in the original answer which limited the claim of noncompliance by plaintiff to the issue of "increased insurance risk." Plaintiff states he and his attorney were confident that there was no substance to this plea and, accordingly, he permitted his original insurance certificate to lapse at the end of the grace period, October 31, 1959, eight days after the service of the defendant's answer. He adds that had

1. Ricciuti v. Voltarc Tubes, Inc., 2d Cir. 1960, 277 F.2d 809, 814.

he known that the defendant intended to advance the additional two defenses, he would have considered either renewing his original policy during the pendency of this action, or amending his application for a change in plan to meet defendant's objection. In short, he claims he permitted his policy to lapse at the end of the grace period or otherwise failed to preserve his rights in reliance upon the failure of the defendant to advance the defenses it now proposes—in effect, that he was lulled into nonaction.

Of course, one cannot know for a certainty what action plaintiff would have taken had the defendant incorporated the additional defenses in its original answer. However, plaintiff should be protected against possible prejudice, particularly since the defendant took some eight months before making the application to serve the amended answer. This can be done by reinstating the status quo as it existed on the day the defendant served its answer and continuing it for eight days, the remaining grace period.

The motion is granted upon condition[2] that the defendant consent to the restoration of the status quo for eight days after the entry of an order hereon, with the right to the plaintiff to exercise whatever rights he claims under the policy as if it were in full force and effect.

The plaintiff contends that subsequent events and conduct of the defendant will not permit him presently to avail himself of his rights, even if the status quo is preserved. I have considered his contentions on this point and do not find them persuasive. The fact is that after the service of the original answer on October 23, 1959, the defendant could have served, under Rule 15(a), an amended answer containing the additional defenses as of course. It had up to November 12, 1959, twelve days subsequent to the expiration of the grace period.

Settle order on notice.

2. As to the power of the Court to impose reasonable conditions in granting leave to serve amended pleadings, see

Parissi v. Foley, 2d Cir., 1953, 203 F. 2d 454.