UNITED STATES of America, Plaintiff,

v.

Joseph F. RUTH, Defendant.

No. 89–20080–01.

United States District Court,
D. Kansas.

Dec. 27, 1990.

———————

Julie A. Robinson, Asst. U.S. Atty., for plaintiff.

Carol A. Coe, Kansas City, Mo., for defendant.

ORDER

VAN BEBBER, District Judge.

Because the defendant-appellant's notice of appeal was filed one day late, by its order of November 5, 1990, the United States Court of Appeals for the Tenth Circuit partially remanded the appeal in the above-captioned case to this court. The order of the Court of Appeals provided that appellant, Joseph F. Ruth, defendant in this court, should have thirty days from the date of the order in which to file a motion for extension of time pursuant to Fed.R. App.P. 4(b). The order also directed that the District Court should make a determination of whether appellant has made a showing of excusable neglect.

The defendant-appellant has filed a motion and suggestions in support for extension of time (Doc. 87). The motion was filed November 14, 1990, and is within the time constraints of the order of the court of appeals.

The judgment in this case was entered on May 16, 1990. Defendant–Appellant filed his notice of appeal to the Tenth Circuit Court of Appeals on May 30, 1990. The motion for extension of time contends that there was excusable neglect for the late filing of the notice of appeal because counsel for appellant is an insulin-dependent diabetic, and at the time of filing the notice of appeal was in the last few days of her pregnancy. She states that her child was born on June 6, 1990, and that counsel was under continuous medical supervision due to the problems associated with childbirth and her diabetic condition. Counsel also states that the thirty-day period within which to move for an extension of time to file defendant's appeal had passed before she was able to return to her practice.

The government points out in its response to the motion that counsel for defendant has not stated that she was totally incapacitated during the crucial time period from May 16 to May 29, 1990.

It is uncontroverted that counsel was in the last days of her pregnancy, that she was an insulin-dependent diabetic, and that

she was under medical supervision during the time in question, but there is no showing from which we can conclude that her condition was so physically and mentally disabling that she was unable to file the notice of appeal on time. *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464 (9th Cir.1984). We are unable to find that there was excusable neglect in the filing of the notice of appeal one day late.

In addition, we are unable to find excusable neglect in connection with the failure of defendant's counsel to seek an extension of the time within which to file the notice of appeal at the time counsel actually filed the notice of appeal. As the government has pointed out, there is no reason why counsel could not have accompanied the notice of appeal filed on May 30, 1990, with a motion for extension of time.

In sum, we determine that appellant has not made a showing of excusable neglect.

The clerk shall mail copies of this order to counsel for the government, to the defendant, and to counsel for defendant, and shall certify as a supplement to the record on appeal copies of defendant-appellant's motion, the government's response, and of this order.

IT IS SO ORDERED.