**Raymond HAYDEN, et al., Plaintiffs,**

v.

**Jeffrey FELDMAN, et al., Defendants.**

**88 Civ. 8048 (JES).**

United States District Court,
S.D. New York.

Jan. 18, 1995.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge:

Plaintiffs in the above-captioned action object to the findings of United States Magistrate Judge James C. Francis IV contained in his Report and Recommendation, which resolves a dispute over the amount of attorney fees and costs properly imposed on plaintiffs as a condition to filing their Fourth Amended Complaint.[1] For the reasons that follow, the Report and Recommendation is adopted.

### BACKGROUND

The Report and Recommendation correctly sets forth the procedural history of this case, which this Court summarizes as follows. On November 14, 1988, plaintiffs filed this action for securities fraud. On January 13, 1989, plaintiffs filed a Second Amended Complaint to add new plaintiffs. When defendants stated their wish to move to dismiss that complaint, the Court suggested that defendants advise plaintiffs of their contentions with respect to the pleading's infirmities so as to permit plaintiffs either to replead adequately or to stand on their complaint with the consequence that any dismissal would be with prejudice.

On April 24, 1989, plaintiffs filed a Third Amended Complaint which defendants promptly moved to dismiss. By Memorandum Opinion and Order dated December 11, 1990 (the "opinion"), the Court granted defendants' motion and dismissed the case with prejudice. However, when plaintiffs informed the Court that they had new evidence which they could plead in another Amended Complaint as a consequence of an indictment that had been filed against two of the individual defendants, the Court directed that the plaintiffs submit the evidence to the Court by December 31, 1990. *See Hayden v. Feldman,* 753 F.Supp. 116, 120–21 n. 14 (S.D.N.Y. 1990).[2] On the basis of that new evidence

Beigel & Sandler, Ltd., New York City, Elizabeth M. Toll, Bijan Amini, of counsel, for plaintiffs.

DeBevoise & Plimpton, New York City, Edwin G. Schallert, Lisa G. Markoff, Erica B. Baird, Associate General Counsel, New York City, of counsel, for defendant Price Waterhouse.

1. Defendant Price Waterhouse is the only defendant remaining in the case. Since plaintiffs have settled with defendant Paul, Weiss, Rifkind, Wharton & Garrison, the Court disregards that portion of the Report and Recommendation that pertains to them as moot.

2. Footnote 14 provided, in pertinent part:
"Shortly after Oral Argument, plaintiffs submitted a copy of the recent indictment of two of the inside defendants, Jeffrey Feldman and Paul Foont to the Court.... It is obvious that since the indictment does not concern any of

submitted within the set time limit, plaintiffs moved for leave to file a Fourth Amended Complaint. Defendants opposed the motion arguing that plaintiffs' relief should be limited to a motion pursuant to Fed.R.Civ.P. 60(b) because the Court's opinion was a final order. *See* Memorandum of Defendant Price Waterhouse in Opposition to Plaintiffs' Motion to Amend the Complaint at 4–5.

On September 4, 1991, the Court ruled that the order and the footnote contained therein did not make it sufficiently clear that the order constituted a final order of dismissal as to defendants other than the two defendants who had been recently indicted. *See* Transcript dated September 4, 1991 at 2. In addition, the Court found that the new claim contained in the proposed new complaint related back within the meaning of Fed. R.Civ.P. 15(c) since defendants had sufficient notice of it from the prior complaints. *Id.* Accordingly, the Court granted plaintiffs' motion to file their Fourth Amended Complaint, but on the express condition that plaintiffs compensate defendants for the costs of the unnecessary motion practice, which had been precipitated by plaintiffs' failure to file a sufficient complaint prior to that time. *Id.* at 8–12. Plaintiffs did not object to the condition imposed by the Court and filed the Fourth Amended Complaint. *See* Transcript dated May 8, 1992 at 11–12.

When defendants sought the cost incurred as a condition to plaintiffs being afforded leave to file a Fourth Amended Complaint, plaintiffs objected for the first time to the condition previously imposed. *Id.* at 8–12. The Court then referred the dispute to Magistrate Judge Francis for a hearing and resolution of the issues raised. *See* Order of Reference to a Magistrate Judge. The parties agreed to waive their right to a hearing before the Magistrate Judge and submitted their arguments on papers. *See* Report and Recommendation at 2. Magistrate Judge Francis determined the amount of the costs to which defendants were entitled but did not

address the issue of whether the Court's condition was proper. *Id.* at 2–3.

## DISCUSSION

■ Federal Rule of Civil Procedure 15(a), which governs applications to file amended pleadings, mandates that leave to amend "shall be freely given when justice so requires," limited by "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The grant or denial of leave to amend is within the discretion of the trial court. *See id.* In exercising this discretion, a court should take into account any prejudice that the opposing party will suffer as a result of the amendment, *see Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971), and may subject leave to amend to reasonable conditions. *See Parissi v. Foley,* 203 F.2d 454, 455 (2d Cir.1953); *Shelley v. The Maccabees,* 26 F.R.D. 10, 12 (S.D.N.Y. 1960). *But see International Assoc. of Machinists & Aerospace Workers v. Republic Airlines,* 761 F.2d 1386 (9th Cir.1985).

Accordingly, courts have "balanc[ed] the interests of the party seeking the amendment and those of the party objecting to it," 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1486 at 605 (1990), by imposing conditions on the applicant's leave to amend, such as the costs of any duplicative discovery necessitated by the amendment, *see Polycast Technology Corp. v. Uniroyal, Inc.,* 728 F.Supp. 926, 939 (S.D.N.Y.1989), the costs of the preparation of previously filed responsive pleading rendered moot by the amendment, *see Kronfeld v. First Jersey Nat'l Bank,* 638 F.Supp. 1454, 1460 (D.N.J.1986); *Green v.*

---

the other defendants, it could add nothing to the allegations concerning those defendants and in any event the indictment cannot as a matter of law cure the deficiencies in plaintiffs' complaint. However, if plaintiffs have new facts to plead the Court will consider an appro-

priate application to amend the complaint based upon such newly obtained information. If they fail to do so by December 31, 1990, the dismissal shall be with prejudice as to all defendants.

*Walsh,* 21 F.R.D. 15, 20 (E.D.Wis.1957), the costs of "any loss or expense occasioned by [the applicant]'s failure to file adequate pleading in the first instance," *Firchau v. Diamond Nat'l Corp.,* 345 F.2d 269, 275 (9th Cir.1965), and even the costs of all attorney's fees "incurred to date" in an action, *see Pollux Marine Agencies, Inc. v. Louis Dreyfus Corp.,* 455 F.Supp. 211, 216 (S.D.N.Y.1978).

■ The Court finds that since Price would not have been put to the expense of moving to dismiss the faulty Third Amended Complaint had plaintiffs filed a proper complaint at the outset, Price was thereby prejudiced by plaintiffs' decision to proceed in this inefficient manner. Indeed, this is especially true since plaintiffs have conceded that seventy-five percent of the work done by Price's attorneys can be deemed to have been "unnecessary." *See* Plaintiffs' Memorandum to Magistrate Judge Francis in Opposition to Defendants' Applications for Attorneys' Fees and Costs at 14. The award of attorney's fees and costs incurred in preparing that motion to dismiss, therefore, is reasonable compensation for that prejudice.

There is no merit to plaintiffs' argument that because the Fourth Amended Complaint alleges claims based on new evidence discovered after the previous motion to dismiss was made and argued, it was inappropriate for the Court to impose conditions on the filing of its amended complaint. Even assuming, *arguendo,* that the evidence was discovered afterwards, conditions requiring the payment of costs for work done unnecessarily in response to a prior pleading have been upheld even where the amended pleading is based on newly discovered evidence. *See Kronfeld, supra,* 638 F.Supp. at 1460.[3]

■ In any event, plaintiffs did not object to the condition imposed by the Court but instead elected to file their Fourth Amended Complaint. Where litigants reject conditions imposed by a court, leave to amend is normally denied, and would have been denied here. *See* Wright, *supra,* at 611 (1990). Thus, had plaintiffs refused to accept the Court's condition, the Court's dismissal of their Third Amended Complaint would have become final, and the propriety of that condition could have immediately been tested on appeal.[4] By electing to file their Fourth Amended Complaint, and thereby accepting the benefit of receiving leave to amend without the need to appeal a final order dismissing their Third Amended Complaint with prejudice, plaintiffs waived any right to object to the condition imposing those costs. "Although the general rule is that rulings on interlocutory orders are encompassed within a subsequent final judgment and may be reviewed as part of that judgment, the rule is inapplicable where adherence would reward a party for dilatory and bad faith tactics." *Sere v. Bd. of Trustees of University of Illinois,* 852 F.2d 285, 288 (7th Cir.1988) (citation omitted). In this case, plaintiffs accepted the conditions imposed without objection or challenge, received a benefit therefrom, and thus cannot now seek to escape the consequences of that choice.

Finally, that portion of Magistrate Judge Francis's Report and Recommendation that determined the amount owed to defendant under the condition, *i.e.,* for the expense of that portion of its motion to dismiss the Third Amended Complaint which was unnecessary, was well reasoned and is neither clearly erroneous nor contrary to law. *See* Fed.R.Civ.P. 72(a). The Court therefore adopts that ruling in its entirety.

---

3. Although defendant suggests in its papers that plaintiffs discovered this evidence earlier, *see* Memorandum of Defendant Price Waterhouse in Opposition to Plaintiffs' Motion to Amend the Complaint at 12, no such proof is in the record principally because both sides agreed to waive an evidentiary hearing before Magistrate Judge Francis.

4. There appears to be little question that plaintiffs cannot appeal the propriety of the Court's condition unless it is part of a final order. *See Ferro v. Railway Express Agency, Inc.,* 286 F.2d

549 (2d Cir.1961) (holding that portion of order allowing amendment was interlocutory and thus not appealable). Dismissal without prejudice to the filing of an amended complaint are not final orders absent a certificate pursuant to Fed. R.Civ.P. 54(b) or 28 U.S.C. § 1292(b). *See Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 960 (2d Cir.1987); *cf. Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 178–79 (2d Cir.1990), *cert. denied,* 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991).

**456**

## CONCLUSION

Accordingly, for the reasons given above, Magistrate Judge Francis's Report & Recommendation is adopted as supplemented by this Memorandum Opinion and Order.

It is **SO ORDERED.**