**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARY FRANCES DURAN,

　　　　Plaintiff - Appellant,

v.

NEW MEXICO DEPARTMENT OF
LABOR,

　　　　Defendant - Appellee.

No. 01-2329
(D.C. No. CIV-97-1598-BB/RLP)
(D. New Mexico)

---

ORDER AND JUDGMENT *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Mary Frances Duran appeals from an order awarding $4007.21 in discovery costs and associated attorneys' fees to defendant-appellee State of New Mexico Department of Labor pursuant to Federal Rule of Civil Procedure 54(d)(2). The district court awarded the costs and fees after granting summary judgment in favor of the State on Ms. Duran's race and gender discrimination claims and on her retaliation claims brought pursuant to the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e through 2000e-17. As we have earlier affirmed the order granting summary judgment on her substantive claims "for substantially the same reasons as those set forth in the district court's thorough April 19, 2001 memorandum opinion," *Duran v. N.M. Dep't of Labor*, No. 01-2154, 2002 WL 120527, at **2 (10th Cir. Jan. 30, 2002), only the issue of costs and attorneys' fees is before us. We conclude that Ms. Duran has waived any claim of error, and affirm.

## I. Relevant facts

We need not waste judicial resources by once again summarizing all of the facts in this case. *See id.* The facts relevant to the issue before us are undisputed and, briefly, are as follows. Ms. Duran sued the State for age discrimination in December 1997. After the State had completed discovery on Ms. Duran's age discrimination claim, and a year and three months after the filing of the complaint, Ms. Duran first sought to amend her complaint to add claims of race

and gender discrimination and retaliation. The district court denied the motion in October 1999. In a motion for reconsideration, Ms. Duran conceded that her age discrimination claim had recently been foreclosed by Supreme Court precedent and renewed her request to amend. She urged reconsideration of the court's decision on the suggestion that the court "issue a conditional order which would protect the Defendant from possible harm, or to impose an obligation on Plaintiff to absorb any costs arising from duplicated discovery efforts." Aplt. App. at 202-03 (Mem. Op. & Order Denying Reconsideration). Although the court expressed its concern that, after two years of discovery and review of over 7,000 pages of documentary evidence obtained from defendant, "Plaintiff could advance no evidence supporting such amendments [based on race and gender discrimination and retaliation]," *id.* at 201, it allowed amendment of the complaint in June 2000 to add the new claims on the condition that Ms. Duran "pay the full costs of any additional discovery necessitated by the proposed amendment but permitting Plaintiff to challenge the necessity of such discovery before the Magistrate Judge." *Id.* at 203. The order provided for "assessment of attorney's fees to await the outcome of trial." *Id.*

After spending over $4000 to conduct additional discovery related to the new claims, *see id.* at 246-64, the State moved, and the court granted, summary judgment on the additional claims. The State then moved for an award of

discovery costs and fees pursuant to Rule 54(d)(2) on the basis of the court's prior order, and the court granted the motion.

## II. Discussion

**1. Appellant's challenge to imposition of discovery costs.** We review for an abuse of discretion both the decision to impose conditions on a grant of leave to amend and the award of attorneys' fees under Rule 54(d) as the actual costs of that condition. *See Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980) (decision to impose conditions); *cf. Hull by Hull v. United States*, 53 F.3d 1125, 1128 (10th Cir. 1995) (decision to award *guardian ad litem* fees as costs under Rule 54(d)).

The court did not abuse its discretion in imposing the condition that Ms. Duran pay additional discovery costs on its grant to amend. When tardy amendments to a complaint force the opposing party to undertake additional preparation in order to meet new issues raised, such a condition remedies the economic prejudice to the opposing party. *See* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1486 (2d ed. 1990); *Hayden v. Feldman*, 159 F.R.D. 452, 454-55 (S.D.N.Y. 1995).

Further, Ms. Duran could have rejected the condition and immediately tested its propriety on appeal. *See Hayden*, 159 F.R.D. at 455. Instead, Ms. Duran both suggested and accepted the condition and proceeded with her suit,

and thus has waived any challenge to its propriety. *See id.* (holding that, when plaintiffs "accepted the conditions imposed [on leave to amend] without objection or challenge, [and] received a benefit therefrom, [they] cannot now seek to escape the consequences of that choice"); *cf. Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1267 (10th Cir. 1999) (holding that appellant "waived any right to less deferential review of the arbitrator's decision on timeliness by agreeing to submit that issue to the arbitrator"); *United States v. Montgomery*, 529 F.2d 1404, 1406-07 (10th Cir. 1976) (holding that defendant who allowed public defender to conduct plea bargaining and accepted benefits of the plea bargain was precluded from asserting on appeal that his right to represent himself had been violated).

Further, Ms. Duran invited the "error" of which she now complains and is additionally foreclosed from relief on that basis. *See United States v. Johnson*, 183 F.3d 1175, 1178 n.2 (10th Cir. 1999) (explaining that the "invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error").

To the extent that Ms. Duran argues that she did not agree to cost-shifting absent a "showing of prejudice, such as duplicated effort," Aplt. Reply Br. at 12, she has also waived that claim. Ms. Duran's remedy for any claim that discovery after amendment was not necessary was to timely object to additional discovery and request a hearing *before* those costs had been incurred, as provided in the

order denying her motion for reconsideration. *See* Aplt. App. at 203 (making Ms. Duran liable for the "full costs" of additional discovery but permitting her to challenge the necessity of discovery before discovery occurred).

We additionally reject Ms. Duran's claim that the only prejudice the State could suffer from her tardy amendment was possible economic prejudice from duplicative discovery. Unless a Title VII plaintiff files suit within ninety days of receiving a "right to sue" letter from the Equal Employment Opportunity Commission (EEOC), she is foreclosed from bringing suit on the allegations made in her EEOC claim. *See* 42 U.S.C. 2000e-5(f)(1); *Bolling v. City & County of Denver,* 790 F.2d 67, 69 (10th Cir. 1986). The State was forced to respond to Ms. Duran's untimely claims solely because the Court granted her motion to amend when those claims otherwise would have been barred. It was not an abuse of discretion for the court to impose discovery costs upon Ms. Duran as a remedy for her untimely amendment.

There being no basis in law or in fact for Ms. Duran's appeal, the appeal is devoid of merit and frivolous. We affirm the district court's award of discovery costs and attorneys' fees.

**2. Appellee's motion for costs on appeal.** The State requests an award of damages and single or double costs under Federal Rule of Appellate Procedure 38 for having to respond to a frivolous appeal. Ms. Duran did not

respond to that request in her reply brief. The State failed, however, to make the request in the form of a separate motion as required by Rule 38. We therefore order Ms. Duran to show cause why the State's request should not be granted within ten days of the filing of this order.

Ms. Duran's "Motion to Include Motions, Memoranda, and Interrogatories and Depositions in Appellant's Appendix" is GRANTED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge