**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6463**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

          v.

TERRY WILLIAM STEWART,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:01-cr-00011-2)

Submitted: September 29, 2008      Decided: February 20, 2009

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Remanded by unpublished per curiam opinion.

Terry William Stewart, Appellant Pro Se. Anne Magee Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry William Stewart seeks to appeal the district court's orders (1) denying his Fed. R. Civ. P. 59(e) motion to alter or amend the district court's previous order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of his criminal judgment; and (2) denying his motion for adjustment of restitution payments pursuant to 18 U.S.C. § 3572 (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgments on March 6, 2007, and March 13, 2007. Stewart filed his notices of appeal at the earliest on March 23, 2007, and April 6, 2007, respectively-- within the thirty-day period after expiration of the ten-day appeal period. We remanded the case twice to the district court for the limited purpose of determining whether Stewart had shown excusable neglect or good cause to warrant an extension of time to file a notice of appeal.

A determination of excusable neglect is based on several factors, including "the danger of prejudice [to the

2

opposing side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993).  The most important of these factors is the untimely party's reason for delay.  Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534, 539 & n.4 (4th Cir. 1996) ("[F]ailure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed.") (internal quotation omitted).

On remand for the second time, the district court found that the length of the delay was prejudicial to the Government and that Stewart's delay and frivolous pursuit of these appeals impacts judicial proceedings.  The district court noted it had previously found that Stewart had failed to act in good faith and that it was implicit in its previous order that it had considered the relevant excusable neglect factors, adding that the reason for Stewart's delay was nothing more than harassment of the judicial system.  The court, however, did not discuss the facts relating to the delayed filing of the appeal, including Stewart's proffered reasons for the delay.  In particular, the court did not discuss Stewart's allegations that he never received the court's order denying his Rule 59(e)

3

motion and that he did not timely receive the court's order denying his § 3572 motion. Because it is not apparent that the district court gave sufficient consideration to the judicially recognized factors in determining whether excusable neglect exists to excuse the untimely filing of the notices of appeal, we remand to the district court again for further consideration. We direct the district court to explicitly address, and accept or reject, in the context of considering excusable neglect factors, the reasons proffered by Stewart for his delay in filing the notices of appeal. The record as supplemented with the district court's findings on remand will then be returned to this court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED