**JOHN P. VILLANO INC. d/b/a JP Productions, Plaintiff,**

v.

**CBS, INC. d/b/a WCBS–FM and Billboard Productions Inc., Defendants.**

**No. 97 Civ. 6097(JSR).**

United States District Court,
S.D. New York.

Dec. 10, 1997.

Gerard F. Dunne, New York City, for Plaintiff.

Lowell B. Davis, Carle Place, NY, for Billboard Productions I.

Susanna M. Lowly, New York City, for CBS, Inc.

## MEMORANDUM ORDER

RAKOFF, District Judge.

■ For the reasons stated in open court on November 15, 1997, *see* transcript, the Court previously denied all aspects of the motions of defendant Billboard Productions Inc. to stay the action and to dismiss the Complaint *except* the aspect of the latter motion in which Billboard asserted that plaintiff's false advertising claims under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and parallel provisions of New York State law should be dismissed for failure to comply with the pleading-with-particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. After further review, the Court denies this aspect of defendant's motion as well.

The making of a false statement is not *per se* one of those "Special Matters" that Rule 9 requires be specially pleaded. Rather, the particularity requirement of Rule 9(b) is limited to averments of "fraud or mistake." The requirement traces back to common law presumptions of *caveat emptor* and to the reluctance of English courts to reopen set-tled transactions. *See generally* William M. Richman, Donald E. Lively, and Patricia Mell, *The Pleading of Fraud: Rhymes Without Reason,* 60 S.Cal.L.Rev. 959, 960–67 (1987). But nothing in the language or history of Rule 9(b) suggests that it is intended to apply, willy-nilly, to every statutory tort that includes an element of false statement.

■ No matter how parsed, a claim of false advertising under the Lanham Act— one of a panoply of trademark torts created by the Act—is not identical to a claim of fraud. Fraud requires, not just the making of a statement known to be false, but also, *inter alia,* a specific intent to harm the victim and defraud him of his money or property. *See, e.g., United States v. Dinome,* 86 F.3d 277, 283 (2d Cir.1996); *United States v. Starr,* 816 F.2d 94, 98 (2d Cir.1987); *Restatement (Second) of Torts* §§ 525–526 (1977). *See also,* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Law of Torts* § 108, pp. 749–753 (5th ed.1984). That is why Rule 9(b) has been interpreted to require, not just a specification of the alleged misrepresentations, but also a particularization of the facts giving rise to a strong inference that defendant acted with fraudulent intent. *See, e.g., San Leandro Emergency Med. Plan v. Philip Morris Cos.,* 75 F.3d 801, 813 (2d Cir.1996); *O'Brien v. National Property Analysts Partners,* 936 F.2d 674, 676 (2d Cir.1991); *Devaney v. Chester,* 813 F.2d 566, 568 (2d Cir.1987). By contrast, no fraudulent intent nor even a "willful [ ] intent to trade on the owner's reputation or to cause dilution of the famous mark" is required under 15 U.S.C. § 1125.

Consequently, a claim of false advertising under § 1125 (and parallel provisions of New York State law) falls outside the ambit of Rule 9(b) and may not be the subject of any heightened pleading requirement. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Defendant Billboard's motions to dismiss are therefore denied in their entirety.

SO ORDERED.