**VOLUNTEER FIREMEN'S INSURANCE SERVICES, INC., Plaintiff,**

v.

**McNEIL AND COMPANY, INC., et al., Defendants.**

No. 02–CV–6509 CJS.

United States District Court, W.D. New York.

May 17, 2004.

William S. Brandt, Nixon Peabody LLP, Rochester, NY, for plaintiff.

Karen M. Taddeo, Taddeo & Shahan, LLP, Syracuse, NY, for defendants.

## DECISION AND ORDER

SIRAGUSA, District Judge.

### INTRODUCTION

The parties to this action are competitors who sell specialized insurance policies to fire departments. Plaintiff Volunteer Firemen's Insurance Services, Inc. ("plaintiff") and defendant McNeil and Company, Inc. ("McNeil") each accuse the other of using false statements to mislead potential customers about the extent of the other's insurance coverage, in order to gain an unfair competitive advantage. Now before the Court is plaintiff's motion [# 43] to dismiss McNeil's counterclaim and McNeil's cross-motion [# 48] for leave to amend its answer in the event the Court finds that the counterclaim as presently pleaded ought to be dismissed. For the reasons that follow, plaintiff's application to dismiss McNeil's counterclaim is granted, and McNeil's application to file its proposed amend counterclaim is denied. However, the Court grants McNeil leave to file a new amended counterclaim that complies with the pleading requirements set forth in this Decision and Order.

### BACKGROUND

The facts of this case were set forth in the Court's previous Decision and Order and need not be repeated here in their entirety. It is sufficient for the purposes of the instant motion to note the following. Plaintiff, in its amended complaint, asserts claims pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and the New York General Business Law, Sections 349(a) and 350, alleging that McNeil's salespeople provided potential customers with misleading written "comparisons," purporting to show the various ways in which McNeil's insurance policies were superior to those of the plaintiff. For example, plaintiff alleges that McNeil's comparisons falsely stated that plaintiff did not provide "a broadly written Employment Practices Liability section" in its policies, that plaintiff's policies did not provide for vehicle removal, and that plaintiff's policies

did not provide "funding for Non–Monetary Defense."

In its answer to the amended complaint [# 35], McNeil included a single counterclaim, which states:

65. Defendant repeats and realleges each and every answer or allegation set forth in paragraphs "1–64" above as if fully set forth herein.

66. Upon information and belief, Plaintiff has engaged in conduct in violation of 15 U.S.C. § 1125 (the Lanham Act) and New York State General Business Law Article 22–A (Consumer Protection from Deceptive Acts and Practices).

67. Specifically, Plaintiff, directly and/or indirectly through its employees, agents, independent contractors, brokers, and representatives (collectively "Representatives") has prepared, distributed, used and published documents in portions of New York State and the United States that purport to compare Plaintiff and its products with others and the products of others, including McNeil.

68. Such documents contain false and/or misleading statements regarding Plaintiff, its competitors including but not limited to Defendant McNeil, and/or the products offered by each.

69. Included in such documents is the original Complaint in this action, copies of which were disseminated by Plaintiff's Representatives to various brokers and insureds, the exact number of which is not now known, in the Long Island, New York area. Upon information and belief, portions of the Complaint were claimed to contained facts that had already been proven in favor of plaintiff.

70. Also included in such documents are product comparisons prepared by Plaintiff or Plaintiff's Representatives, the exact number of which is not now known, such as is annexed hereto as Exhibit "A".[1]

71. Further included in such documents are letters such as the one created by Plaintiff and/or its Representatives dated

---

1. Exhibit A is a chart purporting to compare plaintiff's insurance policies and those issued by another company, Puget Sound Underwriters/Kempes.

February 26, 2002 for the Medford Fire District in response to a McNeil proposal.

72. Finally, the document annexed to Plaintiff's Amended Complaint as Exhibit "12A" was, upon information and belief, created by a broker that is Plaintiff's Representative.[2]

73. As a result of Plaintiff and Plaintiff's Representative's use of the false and/or misleading documents in the marketing of Plaintiff's products, Defendant McNeil has been injured in reputation and monetarily in an amount to be determined and the consumers of emergency services insurance products have been damaged in an amount to be determined.

McNeil's Answer to Amended Complaint [# 35], ¶¶ 65–73. Although the counterclaim itself does not expressly say so, McNeil's theory in this case is that plaintiff made the alleged misrepresentations "brazenly, willfully and blatantly" in an attempt to mislead brokers and potential clients. McNeil's Memo of Law [# 49], p. 7

Plaintiff now moves to dismiss the counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff alleges that the counterclaim is defective because it "plead[s] conclusory allegations respecting some but not all of the crucial elements of a Lanham Act claim." In that regard, plaintiff maintains that McNeil is required, but has failed, to "plead the nature of the alleged misrepresentations *with particularity.*" (Emphasis in original). For example, plaintiff asserts that McNeil should have alleged "the time, place, speaker and content of the misrepresentation[s]." *See,* Pl. Memo of Law [# 44], p. 5 ("There is not a scintilla of evidence alleged as to 'what' was said, 'who' said it, 'when' and 'where' it was said." [sic] ). Plaintiff also contends that the exhibits to which McNeil refers in the counterclaim do not support a Lanham Act claim. Finally, plaintiff contends that the counterclaim does not allege certain necessary elements of a Lanham Act violation, namely, that the alleged misleading statements actually deceived or misled a substantial portion of the target audience, that the alleged deception was material, and that McNeil has been or is likely to be injured by the deception.

McNeil opposes the motion, on the grounds that its counterclaim satisfies the pleading requirements contained in Federal Rule of Civil Procedure 8(a), and that Rule 9(b), requiring that averments of fraud be pled with particularity, is inapplicable since "false advertising claims are not fraud claims." McNeil Memo [# 49] p. 4. In the alternative, McNeil has cross-moved for leave to file an amended answer and counterclaim. In support of the latter, McNeil submitted a proposed amended answer and a proposed amended counterclaim. The proposed counterclaim is generally the same as the original counterclaim, with the following additions. First, the proposed counterclaim clarifies the allegation regarding plaintiff's alleged use of the complaint in this action to mislead customers, by adding the following language:

> 70. Upon information and belief, the "Comparison" that was annexed to Plaintiff's original Complaint together with those paragraphs contained in the Complaint wherein Plaintiff claimed the statements in the Comparison regarding Plaintiff's products were false were given to prospective customers by Plaintiff's representatives as part of their marketing endeavors. The prospective customers were, upon information and belief, led to believe that the Court had determined that Plaintiff's products were as depicted in the Complaint and that the statements in the Comparison regarding Plaintiff's products and McNeil's products allegedly made by McNeil were false. Annexed hereto as Exhibit "A" is the Comparison from the original Complaint and the portion of the Complaint that was used by Plaintiff's Representatives.

Proposed Amended Answer, ¶ 70. Otherwise, the proposed amended counterclaim

---

**2.** There is no actual Exhibit 12A to the Amended Complaint. There is, however, an Exhibit A, which is referred to in paragraph 12 of the Amended Complaint, which appears to be a comparison of insurance policies prepared for the Yakima County Fire Protection District # 6. According to McNeil's counsel, in McNeil's counterclaim, she inadvertently referred to this as Exhibit 12A.

merely adds conclusory allegations that plaintiff disseminated documents, such as letters, that contained "false and/or misleading" statements, but does not identify the statements. *Id.*, ¶¶ 72–73.

On March 4, 2004, counsel for the parties appeared before the undersigned for oral argument of the motions. Subsequently, the Court permitted the parties to supplement their submissions. The Court has thoroughly considered the parties' submissions and the arguments of counsel.

### STANDARDS OF LAW

*Pleading Requirements under Rules 8(a) and 8(e), and 9(b)*

Federal Rule of Civil Procedure 8(a) provides, in relevant part, that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a). Rule 8(e) states, in relevant part, that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." F.R.C.P. 8(e)(1). In order to satisfy the foregoing requirements, a plaintiff is not required to plead a prima facie case; that is, he is not required to plead facts in support of each element of a claim. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 999, 152 L.Ed.2d 1 (2002); *see also, In re Initial Pub. Offering Sec. Litig.*, 241 F.Supp.2d 281, 323 (S.D.N.Y.2003) ("Rule 8(a) does not require plaintiffs to plead the legal theory, facts or elements underlying their claim.") Moreover, "pleading conclusory allegations of fact or law is permitted, provided the averments are 'short and plain' *and give fair notice to the defending parties of the claim and the grounds alleged in support.*" 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.04[2], p. 8–24.2 (3d ed.2003) (Emphasis added); *In re Initial Pub. Offering Sec. Litig.*, 241 F.Supp.2d at 323 ("A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory of fails to allege facts.") (citation omitted). However, a complaint fails to satisfy Rule 8(a) if it "contain[s] such conclusory or general allegations [that it] deprive[s] the defendant of fair notice of the nature of a claim." *Cellamare v. Millbank, Tweed, Hadley & McCloy, LLP*, No. 03–CV–0039(FB)(LB), 2003 WL 22937683 at *4 (E.D.N.Y. Dec. 2, 2003). As the Second Circuit Court of Appeals has indicated,

> [a] complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The federal rules allow simple pleadings and rely on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Phillip v. Univ. of Rochester*, 316 F.3d 291, 293 (2d Cir.2003) (*Citing and quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and *Swierkiewicz v. Sorema, N.A.*, 122 S.Ct. at 992; internal quotation marks omitted).

■ However, Rule 9(b) of the Federal Rules of Civil Procedure imposes a higher pleading standard for claims involving fraud. Fed.R.Civ.P. 9(b) requires that, [i]n all averments of fraud … the circumstances constituting fraud … shall be stated with particularity." Particularity requires that the complaint: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir.1999), *cert. denied* 528 U.S. 1188, 120 S.Ct. 1241, 146 L.Ed.2d 100 (2000).

*Motions under Rule 12(b)(6) for failure to state a claim*

When determining a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted," a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657, 148 L.Ed.2d 560 (2000). The Court "may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (inter-

nal quotations omitted)(*citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

*Lanham Act and New York General Business Law § § 349 & 350*

■ Here, McNeil is asserting claims under the Lanham Act, 15 U.S.C. § 1125(a) and New York General Business Law Sections 349 and 350. The Lanham Act, 15 U.S.C. § 1125(a)(1) has two subsections: Subsection (A), which deals with confusion as to the "affiliation, connection, or association of [a] person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person," and Subsection (B), which deals with commercial advertising or promotion which "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C.A. § 1125 (West 1998). The two types of claims are distinct. *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* 277 F.3d 253, 259 (2d Cir.2002). McNeil's counterclaim clearly appears to fall under § 1125(a)(1)(B), since it involves alleged false advertising. To state a prima facie claim of false advertising under the Lanham Act, a plaintiff must allege that a defendant: "(1) made false representations, (2) [concerning plaintiff's or defendant's] goods, (3) in interstate commerce, (4) in commercial advertising or promotion, (5) about a material facet of [the] product, (6) that caused damage to [the plaintiff]." *Spotless Enters., Inc. v. Carlisle Plastics, Inc.,* 56 F.Supp.2d 274, 277 (E.D.N.Y.1999) (Citations omitted); *see also, National Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 855 (2d Cir.1997) ("[I]n addition to proving falsity, the plaintiff must also show that the defendants misrepresented an inherent quality or characteristic of the product. This requirement is essentially one of

materiality.") (Citations and internal quotation marks omitted).[3]

Section 349 of New York's General Business Law states, in relevant part:

(a) deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

\*   \*   \*   \*   \*   \*

(h) ... any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.

N.Y. GENERAL BUSINESS LAW § 349 (McKinney 1988). Section 350 of the General Business Law states that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful." *Id.,* § 350.

## ANALYSIS

As discussed above, plaintiff's first argument is that the counterclaim should be dismissed because it is not pled with particularity. However, contrary to plaintiff's unsupported assertion that claims for false advertising must be pled with particularity, the Court finds that this issue is unsettled. *Compare John P. Villano, Inc. v. CBS, Inc.,* 176 F.R.D. 130, 131 (S.D.N.Y.1997) ("[A] claim of false advertising under [15 U.S.C. § ]1125 (and parallel provisions of New York State law) falls outside the ambit of Rule 9(b) and may not be the subject of any heightened pleading requirement.") (Citations omitted); *United Magazine Co. v. Murdoch Magazines Distribution, Inc.,* No. 00 Civ. 3367(AGS), 2001 WL 1607039 at \*12 (S.D.N.Y. Dec. 17, 2001) ("False ad-

---

**3.** Plaintiff alleges, in its memorandum of law, that there is an additional element, namely, that "the representation actually deceived or misled a substantial portion of the target audience." Pl. Memo of Law [# 44], p. 2. Such a showing may be required to recover in some situations under the Lanham Act, such as where the plaintiff is alleging that the advertisement, while literally true, is nevertheless likely to mislead consumers. *See, Johnson & Johnson Merck Consumer Phar-*

*maceuticals Co. v. Smithkline Beecham Corp.,* 960 F.2d 294, 297 (2d Cir.1992). However, even assuming that was an element of McNeil's counterclaim, a plaintiff need not plead all elements of a claim to comply with Rule 8. *See also, Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 26 n. 4 (2d Cir.1990) (Holding that apart from acts of fraud, a pleading is "measured under the more liberal pleading requirements of Rule 8(a).") (citation omitted).

vertising claims are not fraud claims.") (*quoting John P. Villano, Inc. v. CBS, Inc.*); *with Textile Deliveries, Inc. v. Stagno*, No. 90 CIV.2020(JFK), 1990 WL 155709 at *6–7 (S.D.N.Y. Oct. 9, 1990) (Discussing Fed.R.Civ. P. 9(b) in case involving claims under Lanham Act & New York General Business Law) *aff'd* 52 F.3d 46 (2d Cir. 1995) (While not discussing the precise issue, the Second Circuit noted that plaintiff was also asserting pendent state law claims including a claim for fraudulent misuse of a corporate name, thus making it unclear whether or not the district court was applying Rule 9(b) to the false advertising claims.); *Barr Lab., Inc. v. Quantum Pharmics, Inc.*, 827 F.Supp. 111, 117–18 (E.D.N.Y.1993) ("While it is unclear whether Fed.R.Civ.P. 9(b), which mandates that a plaintiff plead allegations of fraud with particularity, is applicable to a Lanham Act claim this Court believes that defendants should be afforded proper notice of the alleged misrepresentations in the product labels affixed to [defendant's] generic drug containers and in defendants' promotional literature. Thus, even if Rule 9(b) is not applicable, [plaintiff] is required to state generally the content of the alleged misrepresentations.") (Citations omitted); *Gillette Co. v. Philips Oral Healthcare, Inc.*, No. 99 CIV. 0807 LAPDF, 2001 WL 1442637 at *6 (S.D.N.Y. Nov. 15, 2001) (Noting that it is unsettled whether or not Rule 9(b) applies to claims for false advertising under Lanham Act).

▪ Nonetheless, while the law in this Circuit may be unclear as to whether or not claims for false advertising must be pled with particularity *generally*, the Court finds that such a heightened pleading requirement is appropriate in this case, since the counterclaim is essentially a claim for fraud. In *Conopco, Inc. v. Campbell Soup Co.*, the Second Circuit held that New York's six-year statute of limitations for fraud should apply to claims for false advertising, noting that

[i]t is clear that both intent and fraud play an important role in all Lanham Act claims .... [T]here is an intimate relationship

between fraud and injury under the Lanham Act.... Although Section 43(a)'s "primary target" is trademark infringement, that section applies as well to those deceptive business practices which, like trademark infringement, attempt to induce consumers to purchase an advertiser's goods by falsely passing them off as the same as, or better than those of a competitor. Such claims can best be analogized to causes of action sounding fraud.

95 F.3d 187, 191–92 (2d Cir.1996) (Citations and internal quotation marks omitted). In *Conopco*, the question of the applicability of Rule 9(b) to false advertising claims was not before the court, nonetheless, its ruling suggests that such claims are similar enough to fraud claims that Rule 9(b) should apply. Moreover, in the instant case McNeil's theory is essentially that plaintiff "brazenly, willfully and wantonly" misrepresented the nature of the parties' products in order to defraud potential customers. Thus, while it may not be true in all cases alleging false advertising,[4] here the policies behind Rule 9(b) are applicable:

The purposes of the pleading requirement are to protect a defending party's reputation to harm, to minimize strike suits, and to provide detailed notice of a fraud claim to a defending party. The Rule also discourages meritless fraud accusations that can do serious damage to the goodwill of a business or professional person. The requirements of Rule 9(b) effectively prevent a claimant for searching for a valid claim after a civil action has been commenced.

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 9.03[1][a] (3d ed.2003); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir.2004) ("The particularity requirement of Rule 9(b) serves to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit.") (citations and internal quotation marks omitted). Accordingly, the Court finds that McNeil is required to plead its counterclaim with particularity. *See, In re Complete Management*

---

4. *See, e.g., John P. Villano, Inc. v. CBS, Inc.*, 176 F.R.D. at 131 (Noting that "no fraudulent intent

... is *required* under 15 U.S.C. § 1125.") (Emphasis added).

*Inc. Sec. Litig.*, 153 F.Supp.2d 314, 339 –340 (S.D.N.Y.,2001) (Holding, in a case involving § 11 of the Securities Act of 1933, that while "§ 11 claims are, *as a general matter,* not properly governed by Rule 9(b)," "when a plaintiff essentially pleads a § 11 claim as a fraud claim, Rule 9(b) should govern.") (emphasis added, citation omitted); *Rombach v. Chang,* 355 F.3d at 166 ("We conclude that Rule 9(b) applies when the claim sounds in fraud.").

■ The Court having determined that McNeil's averments must be pleaded with particularity pursuant to Rule 9(b), it is clear that the counterclaim does not meet this standard. For example, the counterclaim indicates that plaintiff used certain documents to compare its products to those of its competitors, including McNeil, which contained false and/or misleading statements, but it does not identify the allegedly false or misleading statements. Nor does the counterclaim allege when, where, or by whom the statements were made. Similarly, McNeil contends that plaintiff falsely told potential customers that certain factual allegations in the Amended Complaint had already been proven, but does not identify the allegations or give any additional information. Moreover, while McNeil refers to specific documents which plaintiff allegedly provided to potential customers, it again fails to explain exactly why these documents are false or misleading.[5] Because of these deficiencies, the Court believes that the counterclaim fails to comply with Rule 9(b) and must be dismissed.[6]

The Court will now consider McNeil's alternative motion to amend the counterclaim. As discussed earlier, the proposed amended counterclaim contains only slightly more information than the original counterclaim. Because of that, the Court finds that the proposed amended counterclaim similarly fails to describe the alleged false and misleading statements with particularity, and that McNeil's cross-motion therefore must be denied. However, because this case is still in its early stages and because it does not appear that plaintiff will be prejudiced, the Court will allow McNeil one additional opportunity to amend its answer and counterclaim.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion [# 43] to dismiss the counterclaim is granted, and McNeil's cross-motion [# 48] to amend is denied. However, McNeil is granted leave to file and serve an amended answer and counterclaim that meets the pleading requirements of Fed.R.Civ.P. 9(b). McNeil is directed to file and serve its amended answer on or before June 4, 2004.

So Ordered.

---

5. To the extent that McNeil may believe that the answer should be obvious from the documents themselves, the Court disagrees.

6. For these same reasons, the counterclaim is arguably deficient even under the minimal pleading requirements imposed by Rule 8(a).